UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE SAMPSON, | ) | |
| Petitioner, | ) | 3:11-cv-00019-LRH-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| JACK PALMER, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On February 7, 2011, the court issued an order granting petitioner's motion for leave to proceed *in forma pauperis* and serving the petition on respondents. (ECF No. 3.) Subsequently, respondents filed a motion to dismiss the petition. (ECF No. 9.) In response to the motion to dismiss, petitioner filed several motions, including motions requesting the appointment of counsel, a stay, an evidentiary hearing and discovery, and relief under Fed. R. Civ. P. 60(b). (ECF Nos. 18, 20, 23, 24, 26.)

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at

1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). In this case, petitioner is serving a sentence of twenty years to life. Additionally, petitioner states that he possesses only a limited education. Petitioner's claims are relatively complex, and it appears that counsel would be of great benefit to petitioner. Therefore, petitioner's motion for counsel shall be granted.

Because respondents' motion to dismiss addresses the claims raised in petitioner's *pro se* petition, which may or may not correspond to the claims in the forthcoming amended petition to be filed by appointed counsel, the court denies the motion to dismiss, without prejudice, with leave to renew after petitioner files an amended petition. For the same reason, the court denies petitioner's motion for stay without prejudice.

With respect to petitioner's motions for an evidentiary hearing and discovery, the court denies the motions without prejudice as premature. Finally, in his motion for relief under Fed. R. Civ. P. 60(b), petitioner argues that respondents' motion to dismiss is not properly before the court. The court construes this motion as a motion to strike. In its February 7, 2011 order, court authorized respondents to file an answer or "other response" to the petition. In the Ninth Circuit, the filing of a motion to dismiss is expressly authorized by Habeas Rule 4. Rules Governing Section 2254 Cases, Rule 4 Advisory Committee Notes, 1976 Adoption and 2004 Amendments; *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989). Thus, the court denies petitioner's motion to strike because respondents' motion to dismiss is procedurally authorized.

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 9) and petitioner's motion for stay (ECF No. 18) are **DENIED without prejudice.**

**IT IS FURTHER ORDERED** petitioner's motion for an evidentiary hearing (ECF No. 23) and motion for discovery (ECF No. 26) are **DENIED without prejudice as premature.**

**IT IS FURTHER ORDERED** petitioner's motion for relief under Fed. R. Civ. P. 60(b) (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. The clerk shall **ELECTRONICALLY SERVE** the FPD a

1  copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 4). The FPD
2  shall have **thirty (30) days** from the date of entry of this order to file a notice of appearance or to
3  indicate to the court its inability to represent petitioner in these proceedings.
4       **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the
5  court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first
6  amended petition.
7       Dated this 4th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE