1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9    WILLIE SAMPSON,                     )
                                         )
10                   Petitioner,         )          3:11-cv-00019-LRH-WGC
                                         )
11   vs.                                 )
                                         )          **ORDER**
12   JACK PALMER, *et al.,*              )
                                         )
13                   Respondents.        )
                                         )
14   _____/

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,

16   a state prisoner, is proceeding with the assistance of counsel.  Before the Court is respondents'

17   Motion to Dismiss (ECF No. 53), petitioner's *pro se* Motion of Error (ECF No. 63), petitioner's

18   Opposition to the Motion to Dismiss (ECF No. 64) and respondents' Reply (ECF No. 65).

19   **I.      Motion of Error [to Reconsider Order Denying Substitution of Counsel]**

20          Petitioner previously sought substitution of his appointed Federal Public Defender, which

21   motion was denied after a hearing including petitioner and his counsel.  *See* ECF Nos. 57, 60 and 61.

22   Petitioner moves for reconsideration of that order because counsel had not been able to confirm

23   petitioner's strongly held belief that his trial transcripts have been altered in numerous places, and

24   that these purported alterations worked to his disadvantage.  Petitioner has not been able to provide

25   any proof to support this allegation.[1]  He is, however, adamant that such has occurred. *See e.g.,*

26   _____

27          [1] At the *ex parte* hearing on petitioner's motion to substitute counsel, the FPD informed the Court that
     she had attempted to confirm petitioner's assertions, but that audio recordings of the trial were not available due
28   to the passage of time.  Without the recordings, petitioner's assertions cannot be proved.

Original Petition (ECF No. 4) at pp. 4, 6, 8-10; *see also* Memorandum in Support of Writ of Habeas Corpus (attached to petition) at pp. 2-3; attached Letter to Counsel (Mr. Oram).  Petitioner cites specific places in the transcript that he believes were intentionally altered. Petitioner requests the removal of the FPD because he does "not want anything submited to the courts useing these altered transcripts." Motion in Error (ECF No. 63), spelling as in original.

Where a party is represented by counsel, the Court will generally not consider *pro se* filings. If petitioner has some issue to bring to the Court's attention, he must engage his counsel's assistance in filing a proper motion or petition.   Therefore, the Motion of Error (ECF No. 63) will be denied.

## II.      Motion to Dismiss

### A.      Procedural History

#### 1.      *Trial and Direct Appeal*

Petitioner was charged with first-degree kidnapping with the use of a deadly weapon (with use), two counts of lewdness with a minor under fourteen with use, attempted sexual assault with a minor under fourteen with use, sexual assault with a minor under fourteen with use, and felon in possession of a firearm. Ex. 7.[2]  An amended information was filed on January 16, 2003, containing the original charges and including the names of witnesses then known to the prosecution.  Ex. 35.  A second amended information was filed on March 28, 2003, omitting count six, the felon in possession charge.  Ex. 44.

On March 28, 2003, petitioner was convicted by a jury of all five counts, with the exception that the jury found that none of the crimes were committed with a weapon. Ex. 56.  On April 10, 2003, a third amended information was filed in open court adding the felon in possession charge. Ex. 59.  Petitioner agreed to plead guilty to that charge and a plea agreement was filed.  Ex. 60. Thereafter, petitioner was sentenced on each count, accruing a term of life with the possibility of parole after twenty years on the sexual assault with a minor under fourteen (count five) as his harshest sentence, to run concurrent to the terms imposed for counts one through four.  *See* Ex. 67.

---

[2] The exhibits referenced in this Order were submitted by respondents in support of their original motion to dismiss or in support of petitioner's amended petition and are found in the Court's records at docket nos. 10-16 (exhibits 1-178) and 45 and 46 (exhibits 179 through 241).

The sentence on count six, felon in possession, a term of twelve to forty-eight months, was to run consecutive to the other sentences.  *Id.*

Petitioner filed a direct appeal raising three claims for relief.  Ex. 68.  Those claims included:

I. The trial court committed prejudicial error by preventing Sampson from introducing evidence that the thirteen-year-old victim had a mental disorder which adversely affected his ability to tell the truth.

II. The trial court committed constitutional error by permitting the prosecution to repeatedly elicit testimony of Sampson's invocation of his Fourth Amendment right not to consent to a warrantless search of his residence.

III. The trial court committed constitutional error in denying Sampson's motion for mistrial based upon police detective testimony that Sampson had invoked his Fifth Amendment rights to remain silent and to an attorney.

Ex. 95.

The conviction was affirmed by the Nevada Supreme Court on December 1, 2005.  Ex. 100.

### 2. *Post-conviction Review*

Several months later, on October 11, 2006, petitioner filed his original state post-conviction petition for writ of habeas corpus.  Ex. 102.  This petition was denied on January 8, 2007.  Ex. 105.  On appeal, the matter was remanded for an evidentiary hearing.  Ex. 126.  On remand and with the assistance of counsel, the evidentiary hearing was conducted.  Ex. 144.  Following that hearing, the petition was again denied.  Ex. 161.  On appeal, petitioner raised a single claim that his trial counsel was ineffective for failing to present expert testimony on the victim's oppositional defiant disorder.  Ex. 165.  The denial was affirmed in December 2010.  Ex. 171.

Before remittitur could issue in that case, petitioner filed a second state post-conviction petition. Exs. 172 and 174.  This petition was denied on procedural grounds.  Ex. 202.  On appeal, petitioner raised five claims of error:

I. The use of NRS 34.810(2) and 34.726(1) by the state to procedurally bar petitioner from an evidentiary hearing was in opposition to the court's order of good cause shown and petitioner's right to redress counsel's refusal to raise a constitutional violation, to the court's attention.

II. Were agents for the state's conduct prejudicial to the administration of justice and prejudicial to petitioner in committing fraud on the Nevada Supreme Court by deliberately presenting

1                         false documents and altered trial transcripts for its appellate
2                         review?

        III.     Was active suppression of evidence by the state for seven years a
3                         detriment to petitioner's legal rights to effective assistance of
                       counsel?
4
        IV.    Direct appeal counsel was ineffective in excluding petitioner from
5                         the appeal process. And when petitioner complained to the State
                       Bar, he was retaliated against by counsel who refused to send him
6                         his trial transcripts.

7          V.     Did petitioner's action meet the due diligence requirements of
                       when he became aware of these Brady violations, he was diligent
8                         to bring it to the court's attention?

9  Ex. 211.

10      This appeal was denied on October 5, 2011, when the Nevada Supreme Court determined the

11 petition was untimely, successive and an abuse of the writ. Ex. 214. The state court determined that

12 petitioner could not make the requisite showing of cause and prejudice to overcome the procedural

13 bars. *Id.* Although the Nevada Supreme Court fully affirmed the lower court's decision, it remanded

14 the matter to permit the district court to correct a typographical error. *Id.* Remittitur issued in that

15 proceeding on December 30, 2011. Ex. 224.

16      B.    <u>Federal Proceedings</u>

17      The federal proceedings were commenced when petitioner handed his original petition to

18 prison officials for mailing on January 8, 2011. ECF No. 4. A motion to dismiss that petition was

19 filed May 5, 2011. ECF. No. 9. The motion was denied without prejudice and counsel was

20 appointed to assist the petitioner in preparing and filing an amended petition. ECF No. 33. An

21 amended petition was filed on behalf of petitioner on January 1, 2013. ECF. No. 44. The amended

22 petition raises the following grounds for relief:

23         I.     Sampson was denied his right to due process, to present a defense,
                       to a fair trial, and to confront the witnesses against him under the
24                        Fifth, Sixth, and Fourteenth Amendments to the United States
                       Constitution when the court precluded the defense from
25                        introducing evidence that the complainant suffered with a mental
                       disorder that could adversely affect his ability to tell the truth.
26
        II.    Sampson was denied his right to due process, to present a defense,
27                        and to a fair trial under the Fifth, Sixth and Fourteenth
                       Amendments to the United States Constitution when the court
28                        precluded expert testimony from Dr. Racoma that the complainant

1        had been diagnosed with a mental disorder that could adversely
         affect his ability to tell the truth.
2
3    III.   Sampson was denied his right to due process and a fair trial under
            the Fifth, Sixth, and Fourteenth amendments to the United States
            Constitution when the prosecutor repeatedly elicited testimony that
4           Sampson had invoked his constitutional right not to consent to a
            warrantless search.
5
6    IV.    Sampson was denied his right to due process and a fair trial under
            the Fifth, Sixth, and Fourteenth Amendments to the United States
            Constitution when a police officer testified that Sampson had
7           invoked his constitutional rights to remain silent and to an attorney.
8    V.     Sampson was denied his right to the effective assistance of counsel
            under the Sixth and Fourteenth Amendments to the United States
9           Constitution when his attorney failed to include Dr. Racoma as an
            expert witness at trial to testify about oppositional defiant disorder,
10          that is characterized by lying.
11   VI.    Sampson was denied his due process and equal protection rights to
            a timely appeal and his right to the effective assistance of appellate
12          counsel under the Fifth, Sixth and Fourteenth Amendments to the
            United States Constitution when appellate counsel, flagrantly
13          ignoring applicable rules and court orders, delayed over sixteen
            months without conferring with their client as to any aspect of the
14          appeal before filing a brief, because of the public defender office's
            admitted incapacity to perform effective appellate legal work of its
15          indigent clients.

16   ECF No. 44.

17        Petitioner, acting in *pro se*, filed various Judicial Notice documents (ECF Nos. 47 and 48)

18   complaining about the performance of his appointed counsel in regards to an investigation about the

19   altered trial transcripts.  Thereafter, petitioner filed a *pro se* verification of his amended petition,

20   which indicates his refusal to sign the verification, "as this document was to place reliance or trust

21   on false and misleading altered trial transcripts."  ECF No. 50.  These *pro se* documents were not

22   addressed by the Court.

23        Petitioner filed a motion to substitute counsel and a hearing was conducted, *ex parte*, to

24   determine the nature of the petitioner's concerns.  ECF Nos. 57 and 61.  The motion to substitute

25   was denied.  *Id.*

26        The respondents move to dismiss the petition claiming that it is unauthorized because the

27   petitioner has refused to sign the verification, that it contains duplicative claims and that ground six

28   are procedurally barred claims.  ECF No. 53.

1    C.    Discussion

2        1.    *Verification*

3    Citing only to Rule 2(e)[3] of the Rules Governing Section 2254 Cases, respondents argue that

4    the petition should be dismissed because petitioner has refused to verify or authorize the amended

5    petition. Petitioner, through counsel, contends this is a frivolous argument, suggesting that the

6    pertinent rule allows counsel to sign and verify the petition on petitioner's behalf.  Rule 2(c)(5)

7    provides that the form of the petition must include a statement of all the grounds for relief available

8    to the petitioner, facts supporting each claim, a statement of the relief sought from the court in a

9    typewritten or legibly handwritten form that is signed "under penalty of perjury by the petitioner or

10   by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  28 U.S.C. § 2242

11   requires that an application for a writ of habeas corpus be in writing and signed and verified "by the

12   person for whose relief it is intended or by someone acting in his behalf."

13   Petitioner argues that because counsel is acting as the agent for petitioner, it is appropriate for

14   counsel to sign the petition on his behalf, citing to *Maples v. Thomas,* ___ U.S. ___, 132 S.Ct. 912,

15   922 (2012); *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) and *Irwin v. Department of Veterans*

16   *Affairs*, 498 U.S. 89, 92 (1990).  Petitioner also points out that the claims raised in the amended

17   petition are six of the seven originally raised by petitioner in his *pro se* petition and that the seventh

18   claim, which focuses on the allegation that the transcripts were altered, is incorporated "as much as

19   possible" in ground six of the amended petition.

20   Prior to the amendment to the rule which allows counsel to sign on behalf of the petitioner, it

21   was considered appropriate to refuse to file or dismiss, an unsigned and unverified petition. *In re*

22   *Application of Gibson*, 218 F.2d 320 (9th Cir.1954) (affirming the district court's refusal to file an

23   unverified petition), *cert*. *denied*, 348 U.S. 955, 75 S.Ct. 445 (1955); *Buckley v. United States*, 494

24   F.Supp. 1000, 1002 (E.D.Ken.1980) (dismissing unverified petition). Other courts, however, found

25   the defect to be one that the district court might, if it saw fit, disregard. *Morris v. United States*, 399

26   F.Supp. 720, 723 (E.D.Va.1975) (addressing the petitioner's constitutional claim despite the lack of

27

28        [3] This rule citation is in error.  The rule respondents meant to cite is Rule 2(c)(5), as they admit in their reply brief.

6

verification); *Cresta v. Eisenstadt*, 302 F.Supp. 399, 401 (D.Mass.1969) (addressing the merits of an unverified petition signed by the petitioner's counsel where the respondent failed to raise the issue); *Lewis v. Connett*, 291 F.Supp. 583, 585 (W.D.Ark.1968) (finding that the petitioner's failure to verify the petition did not preclude the district court from exercising jurisdiction).

The amendment to the rule to allow the petition to be verified by the petitioner's agent assumes that the attorney is, in fact, authorized by the petitioner to act on his or her behalf. *See Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir.1994) (in the absence of evidence to the contrary, there is a presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition). However, as *Maples* notes, when the agency relationship is terminated, properly or improperly, the attorney no longer can bind the client by his or her actions. *See Maples*, 132 S.Ct. at 923 (citing <u>Restatement (Third) of Law Goberning Lawyers § 31</u> (1998).[4]

Here, the Court is faced with evidence that petitioner has not authorized the filing of the petition. Petitioner, acting in *pro se*, has stated affirmatively that he does not authorize the petition because it relies on what he believes to be "altered" trial transcripts. However, given the facts alleged in the briefs and known to the Court as the result of the *ex parte* hearing conducted on petitioner's *pro se* motion to substitute counsel, and, given the fact that the amended petition does

---

[4] The <u>Restatement</u> instructs:

(1) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation and with an order of a tribunal requiring the representation to continue.

(2) Subject to Subsection (1) and § 33, a lawyer's actual authority to represent a client ends when:

    (a) the client discharges the lawyer;
    (b) the client dies or, in the case of a corporation or similar organization, loses its capacity to function as such;
    (c) the lawyer withdraws;
    (d) the lawyer dies or becomes physically or mentally incapable of providing representation, is disbarred or suspended from practicing law, or is ordered by a tribunal to cease representing a client; or
    (e) the representation ends as provided by contract or because the lawyer has completed the contemplated services.

(3) A lawyer's apparent authority to act for a client with respect to another person ends when the other person knows or should know of facts from which it can be reasonably inferred that the lawyer lacks actual authority, including knowledge of any event described in Subsection (2).

1   present the claims petitioner put forth in his original petition, the Court will not dismiss the petition

2   because petitioner has not personally verified its contents.  Rather, the Court finds that counsel for

3   petitioner is acting as petitioner's agent and the verification made by counsel is adequate under the

4   Rules Governing Section 2254 Cases and under 28 U.S.C. § 2442.

5           D.      Duplicative Claim

6           Next, respondents argue that ground two of the amended petition must be dismissed as it is

7   duplicative of the claim raised as ground one.  Petitioner does not object to dismissal of ground two,

8   so long as the Court recognizes and addresses the claim that expert testimony of Dr. Racoma was

9   improperly excluded by the trial court, as is emphasized in ground two.

10          Having reviewed and compared the two grounds for relief, the motion to dismiss will be

11  granted as to ground two.  The Court finds that the claim that the expert testimony of Dr. Racoma

12  was improperly excluded is pled sufficiently in ground one.  Respondents shall address the specific

13  allegation related to the excluded expert testimony as part of ground one.

14          E.      Procedural Default

15          Respondents also argue that ground six of the amended petition was procedurally defaulted in

16  the state courts because it was raised for the first time in the second post-conviction proceedings and

17  those proceedings were terminated on procedural grounds as untimely, abuse of the writ, and laches.

18  *See* Ex. 214.

19          A state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state

20  court declines to address the claims because the prisoner had failed to meet a state procedural

21  requirement,' and (2) 'the state judgment rests on independent and adequate state procedural

22  grounds.' " *Walker v. Martin*, 562 U.S. ——, ——, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011)

23  (quoting *Coleman v. Thompson*, 501 U.S. 722 729–730, 111 S.Ct. 2546 (1991)). Petitioner does not

24  contest the independence or adequacy of the state law grounds for dismissal.

25          The bar to federal review may be lifted, however, if "the prisoner can demonstrate cause for

26  the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of

27  federal law." *Id*., at 750, 111 S.Ct. 2546; *see Wainwright v. Sykes*, 433 U.S. 72, 84–85, 97 S.Ct.

28  2497, 53 L.Ed.2d 594 (1977). Cause for a procedural default exists where "something *external* to the

8

1   petitioner, something that cannot fairly be attributed to him[,] ... 'impeded [his] efforts to comply

2   with the State's procedural rule.' " *Coleman*, 501 U.S., at 753, 111 S.Ct. 2546 (quoting *Murray v.*

3   *Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986); emphasis in original).

4        Petitioner argues that he can show cause to overcome the procedural default.  He contends

5   that his court-appointed post-conviction counsel, who failed to amend or supplement his original *pro*

6   *se* post-conviction petition and who later failed to investigate petitioner's claims that the trial

7   transcripts he received had been altered, acted ineffectively in representing petitioner.  Petitioner

8   argues that under the United States Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct.

9   130 (2012), because of the ineffective representation of his post-conviction counsel, the procedural

10  bar to ground six can be overcome.

11       Under the holding of *Martinez v. Ryan,* 132 S.Ct 1309 (2012), failure of a court to appoint

12  counsel, or the ineffective assistance of counsel in a state post-conviction proceeding may establish

13  cause to overcome a procedural default in specific, narrowly defined circumstances.  Although

14  reaffirming the general holding of *Coleman*, "that an attorney's *negligence* in a postconviction

15  proceedings does not establish cause" in all *other* circumstances, the United States Supreme Court

16  determined that a narrowly carved exception - an equitable rule- must be established.  *Martinez,* 132

17  S.Ct. at 1320 (quoting *Coleman*, 501 U.S. at 753) (emphasis added).

18               Where, under state law, claims of ineffective assistance of trial
                 counsel must be raised in an initial-review collateral proceeding, a
19               procedural default will not bar a federal habeas court from hearing a
                 substantial claim of ineffective assistance at trial if, in the
20               initial-review collateral proceeding, there was no counsel or counsel
                 in that proceeding was ineffective.
21

22  *Id.*  The Court specifically determined that this new rule does not "extend to attorney errors in any

23  proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective

24  assistance at trial."  *Id.*

25       Petitioner argues that *Martinez* must necessarily be expanded to cover claims of ineffective

26  assistance of appellate counsel.  Petitioner relies on Justice Scalia's dissent, where he recognizes

27  claims such as petitioner's ground six would fall within the majority's rationale for the exception,

28  i.e., that post-conviction is the first instance where any claims of ineffective counsel can be raised,

1   including claims related to the performance of appellate counsel.  *See Martinez*, 132 S.Ct. at 1321

2   (Scalia, J., dissenting).

3          Respondents argue against the proposed expansion of *Martinez*, a position with which this

4   Court must agree.  The United States Supreme Court was explicit in its holding that the exception

5   allowed to Martinez was a narrow exception which applied only to procedurally defaulted claims of

6   ineffective assistance of *trial* counsel. *Id.* at 1320.  Given that explication, it is not within this

7   Court's purview to expand the exception here.[5]  Thus, the performance of post-conviction counsel as

8   it relates to claims of ineffective appellate counsel do not fall within the *Martinez* exception.

9          Moreover, even applying the more general procedural default review, the errors of post-

10  conviction counsel, as alleged here, are inadequate to overcome the procedural bar to petitioner's

11  claims.  Negligence on the part of a prisoner's post-conviction attorney does not qualify as "cause."

12  *Coleman*, 501 U.S., at 753, 111 S.Ct. 2546. That is because the attorney is the prisoner's agent, and

13  under "well-settled principles of agency law," the principal bears the risk of negligent conduct on the

14  part of his agent. *Id*., at 753–754, 111 S.Ct. 2546. *See also Irwin v. Department of Veterans Affairs*,

15  498 U.S. 89, 92, 111 S.Ct. 453 (1990) ("Under our system of representative litigation, 'each party is

16  deemed bound by the acts of his lawyer-agent.' " (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634,

17  82 S.Ct. 1386 (1962))). Thus, when a petitioner's post-conviction attorney misses a filing deadline,

18  the petitioner is bound by the oversight and cannot rely on it to establish cause. *Coleman*, 501 U.S.,

19  at 753–754, 111 S.Ct. 2546.  And, when a petitioner's post-conviction attorney fails to raise

20  particular claims in the petition, petitioner is generally bound by that decision, *Murray v. Carrier*,

21  477 U.S. at 485, 106 S.Ct. at 2644.

22         Petitioner has failed to persuade this Court that there was a cause external to his defense that

23  prevented him from raising the claim for relief he presents in ground six. Ground six shall be

24  dismissed as procedurally defaulted.

25  ///

26  _____

27         [5] The Court appreciates the logic offered by Justice Scalia and petitioner and agrees that, were *Martinez*
    not so specific in its language, the exception would seem to apply to collateral review of claims of ineffective
28  assistance of appellate counsel.  In Nevada, post-conviction review is the first opportunity a petitioner has to raise
    such a claim. However, that is not what *Martinez* held.

1    **IT IS THEREFORE ORDERED** that petitioner's Motion of Error (ECF No. 62) is

2    **DENIED.**

3    **IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 53) is **GRANTED IN**

4    **PART AND DENIED IN PART**.  The petition will not be dismissed for lack of petitioner's

5    verification.  Ground two of the petition is **dismissed** as duplicative.  Respondents are required to

6    address the claim that petitioner was denied a fair trial because he was prevented from presenting the

7    expert testimony of Dr. Ricoma as part of ground one.  Ground six is **dismissed** as procedurally

8    defaulted.

9    **IT IS FURTHER ORDERED** that respondents shall file their answer to the surviving

10   grounds for relief, grounds one, three, four and five, within forty-five days.  Thereafter, petitioner

11   shall have forty-five days to reply.

12

13   DATED this 3rd day of September, 2013.

14

15                                                    _____

16                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

11